PER CURIAM.
Appellee Homestead Newspapers, Inc., who was a defendant below, contends that the summary judgment entered in its favor by the trial court was proper because the newspaper articles in question were protected by the “opinion” privilege as well as by Florida’s common-law “fair comment” privilege. We disagree.
We hold, as a matter of law, that the comments of the newspaper articles in question constitute factual statements and not expressions of the newspaper’s opinion which otherwise might be protected as being privileged. Furthermore, we hold that the newspaper articles in question are not protected by Florida's common-law “fair comment” privilege due to the fact that the appellant, who was the plaintiff below, is not a public figure see New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, *1229 11 L.Ed.2d 686 (1964), nor has he done anything to make himself “part of the passing scene”, see Miami Herald Publishing Company v. Ane, 458 So.2d 239 (Fla.1984); Gibson v. Maloney, 231 So.2d 823 (Fla.1970), cert. denied, 398 U.S. 951, 90 S.Ct. 1871, 26 L.Ed.2d 291 (1970).
Accordingly, as to appellee Homestead Newspapers, Inc., we reverse the summary judgment under review and remand for further proceedings consistent herewith. '
As to the summary judgment entered in favor of Florida Power and Light Company, we find no error, and accordingly, we affirm that judgment.
Affirmed in part, reversed in part, and remanded.