PER CURIAM.
This is an appeal by the plaintiff Southern Air Transport, Inc. from an adverse final summary judgment entered below in a libel action. After thoroughly reviewing the extensive record in this case, we affirm in part and reverse in part based on the following briefly stated legal analysis.
First, we conclude that the trial court was correct in finding, as a matter of law, that the plaintiff was a limited public figure and, consequently, could not recover in the instant libel action unless it satisfied the New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), “actual malice” standard. Gertz v. Robert Welch, Inc., 418 U.S. 323, 345, 94 S.Ct. 2997, 3009, 41 L.Ed.2d 789, 808 (1974). We reach this result because the record below demonstrates, without material dispute, that (1) there was an ongoing public controversy at the time of the alleged libel *928 concerning the corruption and illegality involved in the so-called Iran-Contra scandal wherein arms and supply shipments were covertly diverted to the Nicaraguan Contras in 1985-86 in alleged violation of a congressional ban on such arms and shipments, (2) the plaintiff was a major operative in the entire Nicaraguan Contra supply network and, as such, reasonably invited public attention as to its role therein, (3) when its covert role became publicly known and the media sought it out, the plaintiff hired a public relations firm and attempted to influence the outcome of the aforesaid public controversy by claiming that it was involved in normal, routine commercial activity, rather than serving as a covert arm of the CIA, and (4) the alleged libel was germane to the plaintiffs role in the alleged illegal, corrupt, and covert shipment of arms to the Nicaraguan Contras. See, e.g., Waldbaum v. Fairchild Publications, Inc., 627 F.2d 1287, 1297-98 (D.C.Cir.), cert. denied, 449 U.S. 898,101 S.Ct. 266, 66 L.Ed.2d 128 (1980); McDowell v. Paiewonsky, 769 F.2d 942 (3d Cir.1985); Dombey v. Phoenix Newspapers, Inc., 150 Ariz. 476, 484-85, 724 P.2d 562, 570-71 (1986).
Second, we conclude, contrary to the trial court’s finding, that the plaintiff produced sufficient evidence below upon which a reasonable trier of fact could find by clear and convincing evidence that the defendants [Post-Newsweek Stations, et al.] uttered a defamatory falsehood against the plaintiff — namely, that the plaintiff was involved in drug trafficking in Latin America — with “actual malice,” i.e., with knowledge that such accusation was false or with reckless disregard of whether it was false or not. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255-56, 106 S.Ct. 2505, 2574, 91 L.Ed.2d 202, 216 (1986); New York Times Co. v. Sullivan, 376 U.S. 254, 279-80, 84 S.Ct. 710, 726, 11 L.Ed.2d 686, 706 (1964); Lampkin-Asam v. Miami Daily News, 408 So.2d 666, 668 (Fla. 3d DCA 1981), rev. denied, 417 So.2d 329 (Fla.1982), cert. denied, 459 U.S. 806, 103 S.Ct. 29, 74 L.Ed.2d 44 (1982). We reach this result because there is evidence in this record tending to show that: (1) the defendants aired an investigative television news show in which a silhouetted, unidentified informer was shown accusing the plaintiff of drug trafficking while engaged in its covert arm shipments to the Nicaraguan Contras, stating that the plaintiff allegedly received illegal drugs in exchange for arms at an airport in Colombia; (2) the credibility of this informer was greatly suspect because (a) the informer had an extensive drug trafficking background and a motive to lie in order to obtain immunity therefor, (b) the informer’s drug trafficking accusation against the plaintiff was completely uncorroborated by any other evidence, (c) the informer claimed to have photographs of the plaintiff’s guns-for-drugs exchange, was paid $350 by the defendant WPLG staff for same, but was never able to produce such photographs, (d) when the defendant WPLG’s staff interviewed the informer she was described as a “woman out of control,” crying one minute and laughing the next, (e) the informer was given lie detector tests on her story by the FBI with inconclusive results, although the defendants’ report of this result on the air falsely infers just the opposite, and (f) the Justice Department has declined to prosecute anyone based on the informer’s testimony because it could never obtain any corroboration of such testimony, the informer was difficult to work with, and the information was not valuable; (3) the defendants did not give the plaintiff a fair opportunity to reply to this drug trafficking accusation because (a) they never informed the plaintiff they intended to air the aforesaid drug trafficking accusation, (b) the plaintiff did not itself learn of this intention until it was so announced on television at a prior news show the day before the alleged libel was aired, (c) the defendant refused the plaintiff’s subsequent written request that the broadcast of the drug trafficking accusations be delayed for ten days so that it could demonstrate that the accusations were false, and (d) the defendant misrepresented on the air that the plaintiff had declined any comment on such charges; (4) the investigative news show strongly supported the credibility of the informer and did not reveal any of the information which *929 tended to undermine this credibility; and (5) the defendants admit that they have no evidence that the plaintiffs executive officials were involved in drug trafficking, although the alleged libelous broadcast implies the opposite. We have not overlooked other evidence and inferences therefrom in this record which tend to negate any New York Times “malice” on the part of the defendants, but conclude that, in balance, this record presents a jury question on the issue. See, e.g., Harte-Hanks Communications, Inc. v. Connaughton, — U.S. -, 109 S.Ct. 2678, 105 L.Ed.2d 562 (1989); Curtis Publishing Co. v. Butts, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967); Goldwater v. Ginzburg, 414 F.2d 324, 337 (2d Cir.1969), cert. denied, 396 U.S. 1049, 90 S.Ct. 701, 24 L.Ed.2d 695 (1970); Holter v. WLCY T.V., Inc., 366 So.2d 445 (Fla. 2d DCA 1978), cert. denied, 373 So.2d 462 (Fla.1979).
The final summary judgment under review is affirmed insofar as it finds that the plaintiff is, as matter of law, a limited public figure, but is reversed in all other respects, and the cause is remanded to the trial court for further proceedings.
Affirmed in part; reversed in part.