**Marshall A. LOOS and Betty Joan Loos, Plaintiffs,**

v.

**FARMER'S TRACTOR AND IMPLE- MENT COMPANY, INC., and John Deere Company, Defendants.**

No. IP 88–1222–C.

United States District Court, S.D. Indiana, Indianapolis Division.

May 25, 1990.

Walter I. Rubin, Cincinnati, Ohio, Donald W. Ward, Feeney and Ward, Indianapolis, Ind., for plaintiffs.

William C. Moore, Steckbeck & Moore, Indianapolis, Ind., for defendant Farmer's Tractor.

Donald M. Snemis, Ice Miller Donatio & Ryan, Indianapolis, Ind., for defendant John Deere Co.

## ENTRY ON CHOICE OF LAW ISSUE

McKINNEY, District Judge.

This cause is before the Court on a choice of law issue. At the Court's request, the parties filed additional briefs on this issue in light of two opinions handed down recently by the Indiana Supreme Court discussing the open and obvious danger rule. For the reasons set forth herein, the Court finds Indiana law should be applied in this cause.

### I. FACTUAL BACKGROUND

This diversity action was brought by Ohio residents Marshall A. Loos and Betty Joan Loos, husband and wife. Defendant John Deere Company ("John Deere") is a Deleware corporation, with its principal place of business in Illinois and doing business in Indiana. Defendant Farmer's Tractor and Implement Company, Inc. ("Farmer's") is an Indiana corporation with its principal place of business in Indiana.

On July 5, 1983, the plaintiffs purchased from Farmer's a 1979 John Deere 4400 Combine. On October 20, 1986, while inspecting the engine compartment of the combine during a harvest in Ohio, plaintiff Marshall Loos suffered severe injuries to his right hand and forearm. The complaint seeks recovery from the defendants based on negligence, breach of express and implied warranties, and strict liability.

### II. PROCEDURAL BACKGROUND

When the choice of law issue initially was briefed in this cause, the plaintiffs argued the substantive law of Ohio should govern this action. Defendant John Deere, on the other hand, argued for the applica-

tion of Indiana law. On March 26, 1990, the plaintiffs withdrew their motion to apply Ohio law, citing two recent Indiana Supreme Court decisions, *Koske v. Townsend Engineering Co.*, 551 N.E.2d 437 (Ind.1990), and *FMC Corporation v. Brown*, 551 N.E.2d 444 (Ind.1990). Noting that the withdrawal of the plaintiffs' motion did not alter the need to resolve the conflict of laws question, the Court Ordered additional briefing on the issue. The parties' supplemental briefs were filed April 30.

### III. DISCUSSION

The parties now agree that Indiana law should be applied in this case because Indiana law parallels Ohio law in regard to the issues presented in this case. However, the Court cannot blindly accept the parties' conclusion on this point, and therefore must inquire into this issue for itself. This is particularly true in view of the fact that the parties disagree as to what the law is in Indiana.

The plaintiffs (who initially argued that Ohio law should be applied) contend that Indiana and Ohio law now are "essentially the same in all important respects" based on the Indiana Supreme Court's holdings in *Koske* and *Brown*. (Plaintiffs' Brief on Choice of Law Issue at 13.) In support of this contention, the plaintiffs state that until recently the only relevant differences between Indiana and Ohio law involved the application of the open and obvious danger rule in strict 'product liability actions. Due to the recent holdings in *Koske* and *Brown*, the plaintiffs assert, any conflict has been eliminated because the open and obvious danger rule does not apply to strict liability claims in either state.

Defendant John Deere agrees with the plaintiffs' conclusion that the laws of Indiana and Ohio are not in conflict, but for a different reason. John Deere argues

that the *Koske* and *Brown* cases both were decided under the 1978 version of Indiana's Products Liability Act (the "Act"), and as such these holdings have no binding affect on this action, which is governed by the Act as amended in 1983. Therefore, John Deere contends that the open and obvious danger rule is applicable in strict liability cases in Indiana. John Deere further contends that Ohio law similarly recognizes the open and obvious danger doctrine in products liability actions.

#### A. *Determining the Existence of a Conflict*

 The first step in this Court's analysis is to determine whether Indiana and Ohio law are in conflict. As the Seventh Circuit Court of Appeals pointed out in *In re Air Crash Disaster Near Chicago, Ill., Etc.*, 644 F.2d 594, 605 n. 3 (7th Cir. 1981), *cert. denied*, 454 U.S. 878, 102 S.Ct. 358, 70 L.Ed.2d 187 (1981), before applying the choice of law analysis all laws must be carefully examined to determine that a conflict actually exists. *See also Verlan, Ltd. v. John L. Armitage & Co.*, 695 F.Supp. 950, 952 (N.D.Ill.1988) (conflicts rules are applied only when a difference in law makes a difference to the outcome). When there is no disagreement among the contact states, courts are instructed to apply the law of the forum state. *Id., citing International Administrators, Inc. v. Life Insurance Co. of North America*, 753 F.2d 1373, 1376 n. 4 (7th Cir.1985).[1]

The issue therefore is whether a significant conflict exists between the products liability and negligence laws of Indiana and Ohio. For starters, both Indiana and Ohio judicially adopted the Restatement (Second) of Torts § 402A. *Compare Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267, 271 (1977) *and Ayr–Way Stores, Inc. v. Chitwood*, 261 Ind. 86, 300 N.E.2d 335, 340 (1973). Subsequently, both

---

1. When a conflict is found to exist, a federal district court sitting in diversity must follow the choice of law rules of the forum state. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Accordingly, this Court would follow Indiana's choice of law rules to determine whether to apply the substan-

tive law of Indiana or Ohio. *See Hubbard Mfg. Co. v. Greeson*, 515 N.E.2d 1071 (Ind.1987). As more fully set forth herein, the Court finds no substantial conflict between Indiana and Ohio law in the context of this litigation, and therefore the Court expresses no view as to the outcome of a conflicts analysis.

Indiana and Ohio adopted product liability statutes. *Compare* I.C. 33–1–1.5–1 *et seq. and* O.R.C. § 2307.71 *et seq.* Although Ohio's product liability statute was not adopted until January 5, 1988, after the occurrence of the alleged tort in this case, and therefore is not applicable in this action, the statute presumably is a codification of the Ohio common law. Both Indiana and Ohio recognize the assumption of risk defense. *Compare* I.C. 33–1–1.5–4(b)(1) *and* O.R.C. § 2307.76(B). In addition, nonforeseeable misuse of a product also is a defense in both jurisdictions. *Compare* I.C. 33–1–1.5–4(b)(2) *and Bowling v. Heil*, 31 Ohio St.3d 277, 511 N.E.2d 373, 377 (1987). Furthermore, neither state recognizes contributory negligence as a defense to strict products liability. *Compare Koske*, 551 N.E.2d at 441, *and Bowling*, 511 N.E.2d at 375. In the negligence realm, both Indiana and Ohio have adopted a system of modified comparative fault. *Compare* I.C. 34–4–33–1 *and* O.R.C. § 2315.19(A)(1).

In many respects, therefore, Indiana and Ohio negligence and product liability law are substantially the same in relation to the issues presented by this litigation. On this the parties agree. Significant disagreement exists, however, regarding whether the open and obvious danger rule is applied uniformly in Indiana and Ohio. In order to address this issue, it is first necessary to review the *Koske* and *Brown* decisions.

### B. *Koske and Brown*

A brief examination of the facts and holdings in *Koske* and *Brown* reveals why John Deere argues that these cases are inapplicable to the case at bar, and likewise why the plaintiffs ask this Court to apply these holdings to this cause.

In *Koske*, a meat packing employee brought suit against the manufacturer of a meat skinner/slasher machine for injuries sustained when her hand became caught in the machine. The central issue before the court was the applicability of the open and obvious danger rule to claims arising under the Act. The court, after reviewing common law and the language used to incorporate this law into the Act, specifically held that the Indiana open and obvious danger rule does not apply to strict liability claims under the Act. *Id.* at 440–42.[2] However, the court stated that the obviousness of a danger is relevant in determining whether a product was sold in a defective condition unreasonably dangerous, and in product strict liability in evaluating "the actual state of mind of the product user if the affirmative defense of incurred risk is asserted." *Id.* at 440–41.

In *Brown*, the widow of an electrocuted laborer brought a product liability action against the manufacturer of a crane, alleging that the crane was in a defective condition unreasonably dangerous to users. The manufacturer claimed in part that incurred risk, misuse, and open and obvious danger negated its liability. The court first cited to *Koske* for the proposition that the open and obvious danger rule does not apply to strict liability claims under the Act. *Brown* at 446. The court stated, "It is now clear that evidence tending to prove an observable danger or defect of a product is simply that, evidence relevant and material to the issue of whether the product was defective and unreasonably dangerous and to the statutory affirmative defense of incurred risk." *Id.* The court went on to sustain the appellate court's holding that the open and obvious danger rule is not an affirmative defense, but rather an essential element of the plaintiff's case.[3]

---

**2.** The court left open the possibility that the open and obvious danger rule would be applied in product negligence cases on theories other than strict liability. The court, citing *Bridgewater v. Economy Engineering Co.*, 486 N.E.2d 484 (Ind.1985), noted that the open and obvious danger rule has been applied in claims alleging negligent design. *Id.* at 443. The court then concluded that the Indiana common law open and obvious danger rule was not superseded by the Act as to product negligence liability cases. *Id.* The court also stated, "The issues presented on appeal do not seek evaluation of whether the court-created open and obvious danger rule should be retained in product negligence liability cases." *Id.* at n. 4.

**3.** While the Supreme Court agreed with the Court of Appeals that the open and obvious danger rule is not an affirmative defense, the court nevertheless disagreed that a reversal of

With these decisions in mind, the Court now addresses the specific issue of whether Indiana and Ohio law are in conflcit on the applicability of the open and obvious danger rule in the context of this litigation.

### C. *Open and Obvious Dangers in Indiana and Ohio*

█ As discussed previously, defendant John Deere claims that Indiana and Ohio apply the open and obvious danger rule in products liability actions, and in support of this notion argues that *Koske* and *Brown* are irrelevant to this action because they were decided prior to the 1983 amendments to the Act, by which this case is governed. The plaintiffs counter that the open and obvious danger doctrine is not a defense to strict liability in Indiana or Ohio,[4] but add that the obviousness of the danger is relevant in both jurisdictions in evaluating the subjective state of mind or actual awareness of the plaintiff of the risk if the defendant alleges assumption of risk as a defense.

The Court finds the plaintiffs' characterization of the law regarding the open and obvious danger rule in Indiana and Ohio is more on the mark. Of course, this conclusion presupposes, contrary to John Deere's argument, that *Koske* and *Brown* are relevant to this action.

In support of John Deere's contention that *Koske* and *Brown* are not applicable to the case at bar, defendant John Deere points out that these decisions were decided under the 1978 version of the Act, whereas the present action arises under the 1983 version of the Act. Furthermore, John Deere places great emphasis on the 1983 amendment that defines "unreasonably dangerous" as follows:

"Unreasonably dangerous" refers to any situation in which the use of a product exposes the user or consumer to a risk of physical harm to an extent beyond that contemplated by the *ordinary* consumer who purchased it with the *ordinary* knowledge about the product characteristics common to the community of consumers.

I.C. 33–1–1.5–2 (emphasis added). This definition is not contained in the 1978 version of the Act. Accordingly, John Deere states the 1983 revisions to the Act, which govern this action, demonstrate a legislative intent to specifically allow for the open and obvious danger rule due to the injection of an objective standard. Furthermore, John Deere asserts that the *Koske* and *Brown* decisions cannot overrule this legislative intent because the holdings in these cases are limited exclusively to the 1978 version of the Act.

In this Court's view, a closer reading of *Koske* and *Brown* does not support John Deere's conclusion. As discussed previously, John Deere is correct in noting that both *Koske* and *Brown* were decided under the 1978 Act. In *Koske*, the Court held that the open and obvious danger rule was excluded from the Act's codification of the law of strict liability. *Id.* at 442. *Accord, Brown* at 446. As the Court stated in *Brown*, "It is *now clear* that evidence tending to prove an observable danger or defect of a product is simply that, evidence relevant and material to the issue of whether the product was defective and unreasonably dangerous and to the statutory affirmative defense of incurred risk." (Emphasis added.) *Id.* This broad statement speaks in terms of the current state of the law, and no suggestion is made by the Supreme Court that the 1983 revisions to the Act would produce a different result.

This conclusion is supported in several ways. First, it is apparent from the language used in *Koske* and *Brown* that the Indiana Supreme Court was attempting to resolve existing confusion regarding when and how the open and obvious danger rule is to be applied. For example, the court

---

the plaintiff's judgment was required. Under the circumstances of the case, the court held that it was harmless error to instruct the jury that the open and obvious danger rule was an affirmative defense, and upheld the plaintiff's $2,900,000 judgment.

**4.** The plaintiffs argue that Ohio has no open and obvious danger rule. This explains why the plaintiffs originally sought application of Ohio law in this cause. (*See* Plaintiffs' Brief on Choice of Law Issue at 4.)

noted that since the Indiana open and obvious danger rule was articulated in *Bemis Co. v. Rubush,* 427 N.E.2d 1058, 1061 (Ind. 1981), *cert. denied,* 459 U.S. 825, 103 S.Ct. 57, 74 L.Ed.2d 61 (1982), many decisions have inappropriately engrafted upon § 402A an additional element involving evaluation of the plaintiff's conduct separate and apart from the affirmative defense of incurred risk. *Koske* at 441 (resort to an objective standard inappropriate because such application of the rule is akin to the contributory negligence defense, which would otherwise not be available in strict liability in tort). Thus, in deciding *Koske* and *Brown,* the Indiana Supreme Court did not change the law of strict products liability, but instead clarified the law to reflect the proper interpretation according to § 402A. If the court had intended to limit this clarification of the law to actions arising before 1983 it is reasonable to assume it would have done so. In fact, the *Koske* decision specifically mentions the 1983 amendments to the Act, including a general reference to the sections pointed out in John Deere's supplemental brief. *Id.* at 442. (*See* n. 2 and accompanying text.) Yet no suggestion is made that these amendments would limit the scope of the court's ruling.

Moreover, subsequent to its decisions in *Koske* and *Brown,* the Supreme Court had a third opportunity to explore the open and obvious danger rule. *See Miller v. Todd,* 551 N.E.2d 1139, 1143 (Ind.1990) (applying pre–1983 version of the Act). Again the court made reference to the 1983 amendments to the Act, yet the court made no attempt to limit its holding that "[t]he Indiana open and obvious danger rule does not apply to strict liability claims under the Indiana Product Liability Act." *Id.*

The Indiana Court of Appeals' decision in *Koske v. Townsend Engineering Co.,* 526 N.E.2d 985 (Ind.App.1988), also is insight-

ful. Though much of this decision was vacated by the Supreme Court's decision on transfer, 551 N.E.2d 437 (Ind.1990), the intermediate court's opinion nevertheless is instructive on the issue now before this Court. The Court of Appeals specifically examined the 1983 amendment to the Act that is cited by John Deere, which added a definition of "unreasonably dangerous" to the statute. *Compare* I.C. 33–1–1.5–2 (main volume 1983) *with* I.C. 33–1–1.5–2 (Supp.1989). The court found that in passing the Act the legislature intended to embrace principles developed through common law, specifically § 402A which includes the definition of unreasonably dangerous incorporated by the legislature. *Koske,* 526 N.E.2d at 989; *see also* I.C. 33–1–1.5–3 (legislative intent) and I.C. 33–1–1.5–2 (Supp.1989) (definition of unreasonably dangerous). Accordingly, the court held the amendment should be viewed as curative legislation, and "applied retroactively to effect the evident purpose for which it was enacted." *Id.* at 989–90.

This Court is in agreement with the above-referenced portion of the Court of Appeals' decision in *Koske.* Furthermore, nothing in the Supreme Court's opinion vacating the intermediate court's decision in *Koske* suggests the lower court's analysis on this point was in error. Therefore, this Court rejects John Deere's argument that the Supreme Court's decisions in *Koske* and *Brown* are inapplicable to this case. These cases do not on their face include the limitation sought by John Deere. Federal judges are disinclined to make bold departures in areas of the law that they have no responsibility for developing. *Chang v. Michiana Telecasting Corp.,* 900 F.2d 1085, 1087 (7th Cir.1990). As a Court sitting in diversity it would be inappropriate for this Court to engraft such a limitation into the decisions of the Indiana Supreme Court.[5]

---

**5.** The Court is mindful that even in refusing to find the limitation sought by the defendant, it cannot avoid making a limited departure into an uncertain area of Indiana law. However, in so holding, this Court is guided, *inter alia,* by language found in decisions of the Indiana Supreme Court. The defendant, on the other hand, asks this Court to find a limitation not clearly expressed by the Supreme Court. Of these two alternatives, the Court believes the chosen result is not only the correct result, but also less intrusive into the domain of Indiana's courts.

Having determined the state of Indiana's open and obvious danger rule in relation to this cause, the only remaining issue in this area is whether Ohio law is substantially similar. The Court believes it is. Defendant John Deere cites to *Taylor v. Yale & Towne Mfg. Co.*, 520 N.E.2d 1375, 1377 (Ohio App.1987), and *Krosky v. Ohio Edison Co.*, 484 N.E.2d 704, 709 (Ohio App. 1984), for the proposition that Ohio applies the open and obvious danger rule in products liability actions. The plaintiffs, however, insist that Ohio has no open and obvious danger rule in products liability cases. A review of the applicable caselaw leaves this Court with the impression that the law in Indiana regarding the open and obvious danger rule, as refined in *Koske*, is substantially similar to Ohio law.

Courts from both jurisdictions have cited with approval to the Restatement (Second) of Torts § 402A comment n when addressing whether it is proper to adopt an objective standard to determine what a product user should have known about the dangerousness of a product. Comment n, which discusses contributory negligence, provides in relevant part:

> Contributory negligence of the plaintiff is not a defense when such negligence consists merely in a failure to discover the defect in the product, or to guard against the possibility of its existence. On the other hand the form of contributory negligence which consists of voluntarily and unreasonably proceeding to encounter a known danger, and commonly passes under the name of assumption of risk, is a defense under this Section as in other cases of strict liability. If the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery.

*Id.* at 356. Thus the Restatement, adopted in Indiana and Ohio, provides that the obviousness of a danger is relevant to the assumption of risk defense, but not in an effort to show contributory negligence.

The Indiana Supreme Court followed this reasoning in *Koske*, 551 N.E.2d 437. In discussing the obviousness of a danger, the court stated:

> Resort to an objective standard to determine what a product user should have seen and known about a product danger is further inappropriate because such application of the rule is akin to the contributory negligence defense, which would otherwise not be available in strict liability in tort. *Hoffman v. E.W. Bliss Co.*, 448 N.E.2d 277 at 282 (Ind.1983); *Perfection Paint & Color Co. v. Konduris* (1970), 147 Ind. App. 106, 258 N.E.2d 681. *See also* Restatement (Second) of Torts § 402A comment n.

*Koske* at 441. The Ohio Supreme Court adopted a similar view in *Bowling*, 511 N.E.2d 373. The court wrote:

> Under Comment n, either a plaintiff's contributory negligence amounts to a voluntary assumption of a known risk, or it does not. If it does, then that conduct provides an otherwise strictly liable defendant with a complete defense. If it does not, the contributory negligence of the plaintiff provides no defense.

*Id.* at 378. *Accord Cincinnati Ins. v. Volkswagen of America*, 41 Ohio App.3d 239, 535 N.E.2d 702, 707–08 (1987).

These cases illustrate that in Indiana and Ohio the obviousness of a danger is relevant in strict liability cases. However, in both jurisdictions whether a danger is open and obvious is relevant only to the assumption of risk defense. The plaintiffs correctly summarize the law as follows:

> ... [T]he open and obvious doctrine being an objective standard is akin to contributory negligence which is not a defense to strict liability, but the obviousness of the danger is relevant in both states in evaluating the subjective state of mind or actual awareness of the Plaintiff of the risk if Defendant alleges the assumption of the risk as a defense.

(Plaintiffs' Brief on Choice of Law Issue at 9.) Because Indiana and Ohio law is substantially similar on this point, the law of Indiana, as set forth herein, will be applied in this cause.

## IV. CONCLUSION

The issue before the Court is whether Indiana or Ohio law should be applied in this cause. The first step in deciding this issue is to determine whether a real conflict exists between the laws of the two jurisdictions. The parties agree that Indiana and Ohio law is substantially similar in all respects that relate to this cause, including the open and obvious danger rule. However, the parties suggest to the Court differing views on the open and obvious danger rule in Indiana and Ohio.

The Court agrees with the parties that Indiana and Ohio law, as it relates to the issues presented in this cause, are substantially similar. However, the Court rejects the defendant's argument that the open and obvious danger rule is a defense to strict liability claims under the Act and that the Indiana Supreme Court's holdings in *Koske* and *Brown* are not applicable in this case. Instead, the Court agrees with the plaintiffs that the obviousness of the danger is relevant in evaluating a plaintiff's subjective state of mind where, as here, a defendant alleges the assumption of the risk as a defense. Accordingly, Indiana law, as set forth herein, will be applied in this cause.

IT IS SO ORDERED.