595 So.2d 87 (1992)
SARO CORPORATION; Kingdom Corporation; McGregor Transmission, Inc.; Englewood Transmission, Inc.; and Transmission Kingdom International, Inc., Appellants,
v.
WATERMAN BROADCASTING CORPORATION d/b/a WBBH-TV; Leisa Zigman; and Theresa Lombardi, Appellees.
No. 90-02248.
District Court of Appeal of Florida, Second District.
January 24, 1992.
Rehearing Denied March 26, 1992.
*88 William E. Stockman, of Allen, Knudsen, DeBoest, Edwards & Roberts, P.A., Fort Myers, for appellants.
Steven Carta, of Simpson, Henderson, Savage & Carta, Fort Myers, for appellees.
PATTERSON, Judge.
This appeal arises from a final summary judgment in favor of the appellees in a defamation action. We reverse. The appellants shall be collectively known as "Transmission Kingdom" and the appellees as "WBBH."
Transmission Kingdom filed its complaint against WBBH, a local television station, alleging that it had been defamed in a series of television broadcasts which asserted that Transmission Kingdom had recommended repair work that was not necessary and charged for work that it did not perform. WBBH raised numerous defenses, the majority of which presented factual questions for the trier of fact. For the purpose of this appeal, we determine two of the defenses to be pertinent: first, that Transmission Kingdom is a "limited public figure" requiring the proof of actual malice and, second, that if Transmission Kingdom is a "private claimant," that the broadcasts were privileged.

LIMITED PUBLIC FIGURE
Before a "public figure" may recover damages in a defamation action, the public figure must prove actual malice on *89 the part of the disseminator of the information. Curtis Publishing Co. v. Butts, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967). There are two classes of public figures, "general" and "limited." General public figures are individuals who, by reason of fame or notoriety in a community, will in all cases be required to prove actual malice. Limited public figures, on the other hand, are individuals who have thrust themselves forward in a particular public controversy and are therefore required to prove actual malice only in regard to certain issues. Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). If the existence of a public controversy is established, the court must apply a two-part test to determine if a specific individual is a limited public figure for the purpose of that controversy. First, the court must determine whether the individual played a central role in the controversy. Second, it must determine whether the alleged defamation was germane to the individual's role in the controversy. Della-Donna v. Gore Newspapers Co., 489 So.2d 72 (Fla. 4th DCA), review denied, 494 So.2d 1150 (Fla. 1986). The "public figure status" of a claimant is a question of law to be determined by the court. Rosenblatt v. Baer, 383 U.S. 75, 86 S.Ct. 669, 15 L.Ed.2d 597 (1966).
WBBH does not contend that Transmission Kingdom is a general public figure. Nor does Transmission Kingdom fit into the limited public figure test. WBBH created a public controversy, not Transmission Kingdom. The facts do not support a conclusion that Transmission Kingdom thrust itself into that controversy as a central figure and brought attention upon itself. Further, the facts are certainly not beyond dispute for the purpose of summary judgment; when viewed in the light most favorable to Transmission Kingdom, the facts show Transmission Kingdom was dragged into a limelight it least desired.[1]
We determine Transmission Kingdom to be a "private claimant" whose burden it is to prove falsity and negligence in order to recover. Miami Herald Publishing Co. v. Ane, 458 So.2d 239 (Fla. 1984). Falsity and negligence are jury questions which preclude the granting of summary judgment. See Southern Air Transp., Inc. v. Post-Newsweek Stations, Fla., Inc., 568 So.2d 927 (Fla. 3d DCA 1990), review denied, 581 So.2d 166 (Fla. 1991).

PRIVILEGE
Our determination that Transmission Kingdom is a private claimant also resolves the issue of privilege. The press has no qualified privilege to defame a private individual. Miami Herald, 458 So.2d at 241; Wright v. Florida Power & Light Co., 559 So.2d 1228 (Fla. 3d DCA), review denied, 574 So.2d 141 (Fla. 1990); Ortega v. Post-Newsweek Stations, 510 So.2d 972 (Fla. 3d DCA), review denied, 518 So.2d 1277 (Fla. 1987).
For the foregoing reasons, we hold that the trial court erred in granting WBBH's motion for summary judgment and therefore reverse.
Reversed and remanded.
THREADGILL, J., concurs.
HALL, A.C.J., concurs specially.
HALL, Acting Chief Judge, concurring.
I totally agree with the decision of the majority. I write only to emphasize that when a disseminator of information, whether it be a broadcasting company or a newspaper, creates a factual situation under the guise of investigative reporting, the disseminator should be liable for any proven falsity or negligence in reporting as to the factual situation it has created.
NOTES
[1] WBBH relies on Steaks Unlimited, Inc. v. Deaner, 623 F.2d 264 (3d Cir.1980), in support of their position. Steaks Unlimited, however, is a case where the claimant became involved in a controversy stemming from its own false advertising, which is not the case here.