Gerard SCHAEFER, Plaintiff,

v.

Jay Robert NASH, et al., Defendants.

No. 93 C 2858.

United States District Court,
N.D. Illinois,
E.D.

June 11, 1993.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Gerard Schaefer ("Schaefer"), an inmate at the Florida State Prison in Starke, asks leave to file a self-prepared Complaint without payment of the filing fee. Schaefer seeks to invoke federal jurisdiction on diversity-of-citizenship grounds under 28 U.S.C. § 1332(a)(1).[1] For the reasons stated in this

_____

1. All further references to Title 28's provisions will simply take the form "Section—."

memorandum opinion and order, leave to file is denied and this action is dismissed—albeit without prejudice.

■ Every pro se litigant seeking permission to proceed in forma pauperis has two potential barriers to cross before his or her formal entry into the federal courthouse:

1. an appropriate showing of poverty and

2. the presentation of a claim that is not "frivolous" in the legal sense defined by *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) and reconfirmed in *Denton v. Hernandez,* ·—— U.S. ——, ——·——, 112 S.Ct. 1728, 1733–34, 118 L.Ed.2d 340 (1992).

Schaefer qualifies for the first of these requirements, for he has no money in his prison trust account. But his claim does not survive the second step.

■ At the outset something should be said about the Complaint's defective jurisdictional allegations.[2] Schaefer fails to specify his own state of citizenship (which need not coincide with his Florida place of confinement) or that of individual defendant Jay Robert Nash ("Nash") or both facets of the corporate citizenship of codefendant Crime-Books, Inc. ("CrimeBooks") under Section 1332(c)(1). Those deficiencies alone would compel denial of leave to file, for it is a plaintiff's burden to set out express affirmative allegations to establish subject matter jurisdiction (see, e.g., 5 Charles Wright & Arthur Miller, *Federal Practice and Procedure: Civil 2d* § 1208, at 101 & n. 9, 103–04 & n. 12, and cases cited in both notes (1990 ed. and 1993 pocket part)); 13 B *id.* § 3611, at 516–18 & nn. 27–29, § 3624, at 610 & n. 20,

and cases cited in all those notes (1984 ed. and 1993 pocket part). Federal jurisdiction cannot be based on surmise or guesswork (however probable)—and that is all this Court has been armed with here.

■ Nonetheless, there is little point under the circumstances to stop the discussion at this point. Schaefer could well return with a new Complaint curing the deficiencies referred to in the preceding paragraph.[3] Accordingly, this opinion moves on to identify the fatal substantive flaw in what Schaefer claims.

Schaefer alleges that Nash wrote *Encyclopedia of World Crime—Criminal Justice, Criminology, and Law Enforcement ("Encyclopedia"),* which is published by Crime-Books. Schaefer not only alleges that the author and publisher have identified him as a serial killer but attaches *Encyclopedia* pages 2689–90, which say just that. Schaefer admits that he was convicted of "one single transaction double murder in 1983," but he alleges that much of the other information in the *Encyclopedia*'s three paragraphs about him is libelous.

Because Schaefer brought this diversity action in Illinois, *Erie v. Tompkins* principles require this Court to look to Illinois' choice-of-law rules (*Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496–97, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941)). In tort actions such as this, those rules give presumptive importance to the place of injury, which may be supplanted only when another state has a more significant relationship to the occurrence and the parties (*Ingersoll v. Klein,* 46 Ill.2d 42, 262 N.E.2d 593 (1970); *In*

---

**2.** Although Schaefer speaks of the required amount in controversy as exceeding $10,000 rather than $50,000 (see Section 1332(a)), that is not necessarily fatal to the existence of federal jurisdiction. To be sure, this Court is not required to credit Schaefer's prayer for $5 million in compensatory damages and $5 million in punitive damages as realistic—and given the fact that Schaefer was convicted of, and is serving two life sentences for, a double murder, there is surely a substantial question whether he could recover $50,000 on a defamation claim based on defendants' assertion that he was a serial killer (see *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938) for what is still the definitive

statement of the standard as to jurisdictional amount). But given the other defects identified in this opinion, there is no need to dwell further on this problematic area.

**3.** If this were a fee-paid lawsuit, this Court would most likely follow its usual practice of giving a plaintiff the chance to remedy the flaws within a reasonable time (see Section 1653)—thus sparing plaintiff the expenditure of a second $120 filing fee. That procedure does not fit a case where, as here, the plaintiff has not yet received a ticket of entry to the federal court and would not have to pay a fee if the ticket were issued.

*re Air Crash Disaster Near Chicago, Ill.,* 644 F.2d 594, 611 (7th Cir.1981)). But in this instance it is unnecessary to determine whether Florida is the place of injury[4] or whether Illinois (the place of authorship and publication) has a more significant relationship to this action, for the statute of limitations in each state clearly bars this action.

Schaefer has attached, as an exhibit to his Complaint, photocopies not only of the offending pages from the *Encyclopedia* but also of the cover page of the volume that includes them, headed "Volume IV S–Z Supplements" and carrying a 1990 publication date. Even though "the tort of libel is generally held to occur wherever the offending material is circulated" (*Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 777, 104 S.Ct. 1473, 1479, 79 L.Ed.2d 790 (1984)), for purposes of determining when a cause of action for libel accrues most jurisdictions now recognize the "single publication rule." Under that rule all of the copies of a printed publication constitute a single publication occurring on its first delivery or distribution to the public (*Wheeler v. Dell Publishing Co.,* 300 F.2d 372, 375 n. 3 (7th Cir.1962)).

Illinois courts adopted the single publication rule in *Winrod v. Time, Inc.,* 334 Ill.App. 59, 78 N.E.2d 708 (1st Dist.1948), and it has since been codified by the General Assembly's adoption of the Uniform Single Publication Act (740 ILCS 165/1). Schaefer's cause of action thus accrued in 1990 under Illinois law. And the statute of limitations for a libel action in Illinois is one year (735 ILCS 5/13–201), so that Schaefer's Complaint is unquestionably out of time.

Florida has also adopted the single publication rule through a similar (though not identical) statute (Fla.Stat.Ann. §§ 770.04–.07 (West 1986)). And that state's statute of limitations for a libel action is two years (*id.*

§ 95.11(4)(g) (West 1993 pocket part); see *Madera v. Hall,* 717 F.Supp. 812, 815 (S.D.Fla.1989), *vac. in part on other grounds, aff'd in part sub nom. Madara v. Hall,* 916 F.2d 1510 (11th Cir.1990)).[5] There too a 1993 lawsuit comes too late.

Because Schaefer's action is barred by limitations in all events, it must be viewed as "frivolous" in the *Neitzke–Denton* sense. Accordingly this Court finds no arguable legal basis for the Complaint, and it denies Schaefer's motion for leave to file in forma pauperis (see *Neitzke* ). In accordance with the procedure prescribed by *Denton,* —— U.S. at ——, 112 S.Ct. at 1734, this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(d). In addition Schaefer is informed:

1. If he wishes to appeal this order of dismissal, within 30 days after the entry of judgment he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit (see Fed.R.App.P. 4(a)). That Notice of Appeal must be filed with the Clerk of the Court of the United States District Court, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604.

2. Although this Court of course expresses no substantive views on this subject, Schaefer should also be aware that if the Court of Appeals were to determine that such an appeal were "frivolous" in the legal sense, that could result in the imposition of sanctions by that Court (see Fed. R.App.P. 38).

---

4. In defamation actions the most frequently applied rule is that the place of injury is the defamed party's state of residence (where he or she is most likely to enjoy the reputation that has assertedly been besmirched). As said earlier, the Complaint fails to identify that place as to Schaefer, but with such a long-term prisoner convicted of murders in that state it seems most probable that his reputation (whatever it may be) is lodged there as well.

5. Unlike Illinois, which used to toll its statutes of limitations during an inmate's term of imprisonment (a provision that has since been repealed), Florida has no such statute (*Schaefer v. Stack,* 641 F.2d 227, 228 n. 1 (5th Cir.1981) (per curiam)). And Schaefer knows that, for he is the same Gerard Schaefer who was plaintiff in *that* case too!